UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOSEA BYRD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>HOLLING,<br><br>　　　　Respondent. | No. CV 12-02407-DMG (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On March 21, 2012, Hosea Byrd (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition").  Petitioner was convicted in Los Angeles County Superior Court Case No. BA176647 of two counts of second degree robbery in violation of California Penal Code ("PC") § 211.  On March 26, 1999, Petitioner was sentenced pursuant to the Three Strikes Law (PC §§ 667(b)-(1) and 1170.12(a)-(d)) to state prison for two consecutive terms of 25 years to life for a total term of 50 years to life in state prison. (Petition at 1.)

It appears from the face of the Petition that it is directed to the same 1999 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on October 19, 2001,

in Case No. CV 01-09068-FMC (VBK).[1] On February 27, 2003, Judgment was entered in Case No. CV 01-09068-FMC (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
>   (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1] In this Petition, Petitioner raised the following claims: (1) Trial counsel was ineffective for failing to defend against the strike allegations (Petition at 6); (2) The trial court improperly denied Petitioner's March 8, 1999 and March 18, 1999 <u>Marsden</u> motions (Petition at 6); (3) The trial court erred in finding that Petitioner's prior robbery convictions in Missouri qualified as strike priors within the meaning of California's Three Strikes Law. (Petition at 7); and (4) The trial court erroneously relied on Petitioner's in-court admission of his prior Missouri robbery convictions to conclude in the bifurcated court trial that Petitioner had suffered two strike priors (Petition at 7).

     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."

  The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

  For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 11, 2012

            DOLLY M. GEE
            UNITED STATES DISTRICT JUDGE

Presented on
March 23, 2012 by:

   /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE